IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William C. McKinnedy, III, ) | Civil Action No. 6:13-794-GRA-KFM |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| Lt. T. Ramsey, et al., ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's motions to amend his complaint (doc. 13) and to remand (doc. 15). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff, a state prisoner proceeding *pro se*, filed this action in the Greenville County Court of Common Pleas asserting claims under the South Carolina Tort Claims Act ("SCTCA") and the United States Constitution. The plaintiff specifically alleged that his rights were violated under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution (doc. 1-1, comp. at pp. 4, 6, 10, 11). Based on the plaintiff's allegations that his rights under the United States Constitution were violated, the defendants removed this action to federal court on March 25, 2013 (doc. 1, notice of removal).

On April 16, 2013, the plaintiff filed a motion to "strike/ amend/ &/ or delete all of the U.S. Constitutional claims or any that is liable for a federal question" (doc. 13 at p. 1). The plaintiff states that he wishes to amend his complaint to delete all federal claims "so that it will only be state (S.C.) law issues(s) mentioned and jurisdiction will be removed

back to State (S.C.) Court of Common Pleas in Greenville" (*id.*).  The defendants filed a response to the motion to amend stating that they have no objection to the motion if any such claims are dismissed with prejudice (doc. 16 at p. 1).

Also on April 16, 2013, the plaintiff filed a "notice of removal," which was construed by the Clerk of Court as a motion to remand.  The plaintiff notes in the motion that he has filed a motion to amend his complaint to delete all federal claims.  He argues that he never consented to the removal of the case to federal court and asks that the defendants be ordered to pay all costs because the action was improperly removed from state court (doc. 15 at pp. 2-3).  As noted above, the plaintiff specifically alleged in his complaint that the defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  As the plaintiff clearly asserted federal claims in his complaint, the defendants had the right to remove the case to federal court without the plaintiff's consent.  *See* 28 U.S.C. §§ 1441(a) &(c), 1446.  In their response to the motion to remand, the defendants argue that the case was properly removed to federal court and that it should not be remanded in its present form.  However, the defendants further state that if the motion to amend is granted and all federal claims are dismissed with prejudice, they "would at agree at that point remand would be appropriate as there would no longer be a basis for federal jurisdiction" (doc. 17 at p. 2).  Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Wherefore, based upon the foregoing, the plaintiff's motion to amend his complaint to withdraw his federal causes of action (doc. 13) is granted.  Furthermore, as the plaintiff has unequivocally removed any federal claims from his pleadings, the court should grant the plaintiff's motion to remand the state law claims to the Greenville County Court of Common Pleas (doc. 15).  The plaintiff's request that the defendants be ordered to pay

all costs incurred as a result of the removal should be denied as the complaint was properly removed by the defendants.

April 23, 2013
Greenville, South Carolina

Kevin F. McDonald
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).